### MILLER v. JOHNSON *ET AL.*

#### (119 S. E., 902)

1. PLEADING—SEPARATE COUNTERCLAIMS CANNOT BE COMMINGLED IN SINGLE STATEMENT.—In an action for trespass on land and for a permanent injunction, defendants' counterclaims for damages for obstructing the highway and for damages sustained by reason of the temporary injunction issued in this action cannot be commingled in a single statement, but must be separately stated as the so-called Jumbling Act of 1898 (Code Civ. Proc., 1922 § 427) applies to complaints, but not to answers.

2. PLEADING—SEPARATE COUNTERCLAIMS SOUNDING IN TORT CANNOT BE JUMBLED IN SINGLE STATEMENT.—Code Civ. Proc., 1922, § 428, authorizing a defendant in a tort action to plead a similar cause of action arising out of the same state of facts by way of counterclaim, does not authorize the jumbling of counterclaims in a single statement. Circuit Court Rules, rule 18 (33 S. E., viii) and Code Civ. Proc., 1922, § 411, and other sections thereof govern the manner of pleading such counterclaims.

Before SHIPP, J., Georgetown, January, 1923. Reversed

Action by John A. Miller against J. Leslie Johnson and others. From an order denying plaintiff's motion to require separate counterclaims commingled in single statement to be separately stated, plaintiff appeals.

*Mr. Walter Hazard,* for appellant, cites: *Counterclaims must be separately stated:* Code Proc., 1922, Secs. 410, 411, 414; 66 S. C., 135; Pom. Rem. (2nd Ed.) Sec. 516, 577; 24 S. C., 39; 34 S. C., 270. *Demurrer to one cause of action:* 44 S. C., 143; 57 S. C., 502; 64 S. C., 389; 115 S. C., 421; 87 S. C., 257. *Where defense and counterclaim are improperly united:* 29 S. C., 130; 11 S. C., 122. *Order appealable:* 26 S. C., 415; 42 S. C., 547; 60 S. C., 521; 78 S. C., 329; 65 S. C., 226; 66 S. C., 16; 11 S. C., 411; 13 S. C., 23; 14 S. C., 436; 26 S. C., 415; 32 S. C., 142; 36 S. C., 310; 34 S. C., 346; 36 S. C., 559; 45 S. C., 470; 1 Enc. Pl. & Pro., 531-2; 119 S. C., 171. *Jumbling of counterclaims not permitted:* Code Proc. Sec. 427.

*Mr. Capers G. Barr,* for respondents, cites: *Sufficiency of counterclaim:* Pom. Code Rem. Sec. 730; 37 S. C., 16; 70 S. C., 89; 80 S. C., 455; 15 S. C., 303; 101 S. C., 437; 66 S. C., 124.

November 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for alleged trespass on land, and for a permanent injunction against further trespass.

After issue joined a motion was made before Judge Shipp for an order requiring the answers of the defendants to be amended by striking out certain matter as irrelevant and redundant, and by separating the defenses from the counterclaims therein pleaded:

"By separating and separately and distinctly stating and setting forth the two alleged counterclaims set up in each of said answers and united and commingled in the 'second defense and counterclaim' therein set out; that is to say, the alleged counterclaim for damages by reason of the alleged obstruction of a public road by the plaintiff, and the alleged counterclaim for damages alleged to have been sustained by each of the defendants by reason of the temporary injunction in this action."

This latter motion was based upon the ground that the said two counterclaims are so commingled and united in a single statement as to render each of said answers indefinite and uncertain, and so as that the counterclaims cannot be intelligibly distinguished, and also that they are improperly united.

His Honor, Judge Shipp, by order dated January 23, 1923, directed each of the answers to be amended by separating and separately stating the defense and counterclaims purporting to be set up under the caption "for a second defense and for a counterclaim;" but refused the motion to require the several counterclaims commingled in a single statement in each answer to be separately stated.

Appellant appeals, and by six exceptions imputes error. The seventh exception was abandoned by appellant at the hearing. These exceptions raise the questions that the order of Judge Shipp was based upon erroneous legal grounds. That the order was not authorized by the so-called Jumbling Act of 1898; Code of Procedure 1912, § 216; Code of Procedure 1922, § 427. That the order was not authorized by Act of 1920, Code of Procedure 1922, § 428. That the refusal of motion was an abuse of discretion.

The exceptions must be sustained. The jumbling applies to complaint and not to answer.

The Jumbling Act was intended to get into Court, but, after getting into Court by way of complaint, all pleading after that time on the part of the defendant was to be of the same particularity as provided by the Code and rules of Court. The Act of 1920 as construed by his Honor was erroneous. It provides:

"Pleading of counterclaim in action on tort. In all actions sounding in tort the defendant shall have the right to plead a similar cause of action against the plaintiff by way of counterclaim, provided that the cause of action of the plaintiff and defendant arise out of the same state of facts."

This statute does not authorize the jumbling of counterclaims in a single statement. The object of the Act evidently was to permit the pleading of a counterclaim founded on tort in an action *ex delicto* which could not be done under the practice prior to its enactment.

It does not purport to do more than this.

The provision of the Code regulating the pleading of counterclaims is unchanged. Code of Procedure of 1922, § 411, requires counterclaims to be "separately stated." Rule 18 of the Circuit Court (33 S. E., viii) provides that where more than one counterclaim is pleaded "each shall be separately stated and numbered" and "where the defendant intends to set up a counterclaim, it shall be distinctly entitled and designated as such."

The Act of 1920 permits a counterclaim to be pleaded. It deals with the general right to counterclaim in tort in an action sounding in tort. It does not deal with the question of the proper mode of pleading two or more counterclaims or to prescribe how they shall be pleaded.

These matters are governed by other Sections of the Code and rules of Court.

The order of his Honor deprives the appellant of the right and opportunity to demur or to plead any separate defense to each counterclaim.

The order of Judge Shipp is reversed, the counterclaims to be separated and separately stated.

Order appealed from is reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MESSRS. JUSTICES COTHRAN and MARION concur in result.

MESSRS. JUSTICES COTHRAN and MARION: We think that Section 427, Code of 1922 is applicable to counterclaims as well as complaints based upon torts; but agree with Mr. Justice Watts that it has no application to this case, and with all of his other conclusions.